UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA BEAUDIN,

    Plaintiff,

v.                                                         Case No. 10-12072

WAL-MART STORES, INC.,                        HON. AVERN COHN

    Defendant.
_____/

## **MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**[1]

### **I. Introduction**

This is a retaliation case arising under the Michigan Workers' Disability Compensation Act (the Act), M.C.L. 418.301(11). Plaintiff Debra Beaudin (Beaudin) claims that she was unlawfully refused re-employment by her former employer, defendant Wal-Mart Stores Co. (Wal-Mart), in retaliation for her assertion of rights under the Act.

Now before the Court is Wal-Mart's motion to dismiss under FED. R. CIV. P. 12(b)(6) on the grounds that Plaintiff has failed to plead a material element of her retaliation claim. For the reasons that follow, the motion is DENIED.

### **II. Background**

This case arises out of Beaudin's employment at Wal-Mart. Beaudin was hired by Wal-Mart on July 7, 2000. On November 7, 2001, she injured her right knee in the

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

course of her employment and was subsequently awarded benefits by the Michigan Workers' Compensation Agency (the Agency) for two closed periods. Beaudin continued to work for Wal-Mart with medical restrictions from her doctor. In December 2006, Wal-Mart unsuccessfully petitioned the Agency to terminate her medical benefits.

On June 28, 2008, Beaudin stopped working for Wal-Mart. On November 14, 2008, she petitioned the Agency for wage loss benefits. On January 20, 2009, Wal-Mart filed another petition with the Agency to terminate the benefits. The Agency granted Wal-Mart's request on October 28, 2009.

Following the Agency's decision, Beaudin sent a letter to Wal-Mart requesting reinstatement in her previous position, to which she received no response. Beaudin then went to the Wal-Mart location where she had previously worked and spoke with an employee named Kathy who told her, "we have no more positions."

Beaudin says that Wal-Mart has refused to re-employ her in retaliation for her assertion of rights under the Act.

On April 21, 2010, Beaudin filed a complaint in Macomb County Circuit Court. Wal-Mart removed the case to federal court based on diversity.

On May 28, 2010, Wal-Mart filed the instant motion. On June 24, 2010, Beaudin filed a response and an amended complaint.

On July 8, 2010, Wal-Mart filed a reply, arguing in part that the amended complaint still fails to state a retaliation claim.

### III. Legal Standard

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must

2

be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007); see also Ass'n of Clevelant Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as factual allegation." Ashcroft v. Iqbal, _____ U.S. _____, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation removed). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Id. at 1940.

### IV. Analysis

#### A. The Law

The Michigan Workers' Disability Compensation Act provides that "a person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or

3

herself or others of a right afforded by this act." M.C.L. 418.301(11).

## B. Application

### 1.

Beaudin's initial complaint simply alleges that she was injured as an employee of Wal-Mart and subsequently awarded benefits for a period of eight years, until the Michigan Workers' Compensation Agency found that she was no longer disabled. Following the Agency's decision, she requested re-employment from Wal-Mart and was refused, allegedly in retaliation for her assertion of rights. While these allegations may not be sufficient under Iqbal, the governing complaint is Beaudin's amended complaint, which Wal-Mart still says fails to state a claim.

The amended complaint alleges in paragraph 14, that "[d]efendant has refused to re-employ plaintiff because of her assertion of rights under the Michigan Workers' Disability Compensation Act, but has hired numerous other sales associates at the Warren store since then." This sentence is conclusory as it offers no factual allegations connecting the refusal of employment to Beaudin's assertion of rights under the Act. This conclusion requires factual support under Iqbal. Such support comes from paragraphs 7 - 13 and 14. These paragraphs provide a detailed chronological narrative of the specific actions between the parties. These paragraphs set forth a narrative of her repeated assertion of rights under the Act via the filing of multiple requests for medical and wage loss benefits, the receipt of benefits, and Beaudin's continued opposition to Wal-Mart's petitions. These paragraphs further allege that Beaudin's multiple attempts to obtain re-employment, and Wal-Mart's subsequent refusal. As

4

such, the allegations are more than conclusory.

Moreover, the factual allegations in the amended complaint plausibly suggest an entitlement to relief. For eight years, Wal-Mart paid benefits to Beaudin. During that time, Wal-Mart petitioned the Agency disputing the necessity of benefits. As soon as Beaudin was deemed fit to return to work, Wal-Mart refused to rehire her. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relied.' Fed. Rule Civ. Proc. 8(a)(2)." Iqbal, 129 S.Ct. at 1950 (alteration and citation in original). Here, the well-pleaded facts permit the Court to infer more than the mere possibility of misconduct. Beaudin's continued assertion of rights under the Act and Wal-Mart's continued opposition establish a clear adversarial relationship. It is reasonable to infer that after paying eight years of contested benefits to Beaudin that Wal-Mart would not want to rehire her. Wal-Mart's refusal to even acknowledge initial letter requesting re-employment is a further indication of its intent. The factual allegations in the complaint show a right to relief above the speculative level–the complaint states a claim to relief that is not merely possible, but plausible on its face. Bishop v. Lucent Tech., Inc., 520 F.3d 516, 519 (6th Cir. 2008) (citing Twombly, 550 U.S. at 555); See also Fritz v. Charter Tp. Of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (citing Iqbal, 129 S.Ct at 1949-1950). In short, it is entirely plausible that Wal-Mart discriminated against Beaudin because she "filed a complaint or instituted or caused to be instituted a proceeding under [the Act]" or because of her exercise "of a right afforded by [the Act]." M.C.L. 418.301(11). Thus, the amended complaint meets

the pleading requirements required under and Iqbal.

**2.**

Wal-Mart also argues that the amended complaint must be dismissed because Beaudin has not plead a causal connection between the exercise of her rights under the Act and the adverse employment action taken against her, and therefore, her complaint cannot withstand a motion to dismiss. This argument is not well taken. First of all, there ample factual allegations to reasonably infer a causal connection, as described above.

Secondly, proving a causal connection is an evidentiary standard, not a pleading requirement, as the very cases cited by Wal-Mart show. Wal-Mart cites Porterfield v. Shoe Show of Rocky Mount, Inc., 2009 WL 1448961 (E.D. Mich. 2009) to suggest that Beaudin's complaint must establish all the elements of a prima facie case to withstand a motion to dismiss. Wal-Mart's reliance on Porterfield is misplaced. In Porterfield, the court dealt with a Rule 56 motion, not a Rule 12(b)(6) motion. Porterfield, at *1. The court concluded that "[plaintiff] has failed to present evidence demonstrating the causal connection required for her retaliation claims . . . [a]ccordingly, this claim fails to survive summary judgment." Id. at *8. At this stage of the case, in contrast to Porterfield, there has been no opportunity for Beaudin to present evidence obtained in discovery. A plaintiff is not required to meet an evidentiary standard at the pleading phase before the opportunity for discovery.

Likewise, Wal-Mart's reliance on Chiles v. Machine Shop, Inc., 606 N.W.2d 398, 470 (Mich. Ct. App. 1999) is misplaced. Chiles did involve a motion to dismiss, but motions for directed verdict, judgment notwithstanding the verdict, and a new

trial—motions which came not only after the opportunity for discovery, but after a trial on the merits. Chiles, 606 N.W.2d at 398. The remaining cases cited by Wal-Mart are similarly inapposite in as much as it was the plaintiff's failure to present evidence of a causal connection which resulted in dismissal of a retaliation claim.[2] See Gullett v. Autoform, Inc., 2009 WL 131748 (Mich. Ct. App. Jan. 20, 2009) (motion for summary judgment), Dortman v. ACO Hardware, Inc., 405 F. Supp. 2d 812, 824 (E.D. Mich. 2005) (motion for summary judgment); Phifer v. City of Grand Rapids, Mich., 2009 WL 1833459 (W.D. Mich. June 23, 2009) (motion for summary judgment and judgment on the pleadings).

**3.**

Overall, the amended complaint has stated a plausible claim to relief on its face based on well-plead factual allegations—a showing that the Supreme Court and Sixth Circuit have deemed sufficient to withstand a Rule 12(b)(6) motion to dismiss. Howard v. City of Girard, Ohio, 346 Fed. Appx. 49, 50 (6th Cir. 2009) (citing Iqbal, at 1948-50) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotations omitted). The sequence of factual allegations plead in the amended complaint lead one to reasonably infer that Wal-Mart refused to re-employ Beaudin in retaliation for her exercise of rights under the Act, which constitutes a violation of M.C.L.

---

[2]In Murray v. John D. Dingell Veterans Admin. Med. Ctr., 2009 WL 2447559 (E.D. Mich. July 31, 2009), the district court did dismiss a discrimination claim under Rule 12(b)(6). In Murray, however, the pro se plaintiff's complaint failed to allege any facts relating to such a claim. That is not the case here.

7

418.301(11), and, therefore, a plausible claim to relief.

    SO ORDERED.

                                          S/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

Dated: July 15, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 15, 2010, by electronic and/or ordinary mail.

                                          S/Michael Williams
                                          Relief Case Manager, (313) 234-5160